UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **TERRANCE JONES,** | ) | Case No. 1:20-CV-02017 |
| | ) | **(Related Criminal Case No. 1:17-CR-420)** |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **Judge Dan Aaron Polster** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |
| | ) | |

Before the Court is Petitioner Terrance Jones *pro se* motion, filed pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence.[1] (Dkt. No. 1). Petitioner raises two grounds for relief, all of which allege ineffective assistance of trial counsel.

**I.**

On September 18, 2019, Jones was convicted, pursuant to a guilty plea under a written plea agreement, of Conspiracy to Possess with Intent to Distribute Heroin in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(A), all done in violation of 21 U.S.C. § 846. *See* Cr. Dkt. Nos. 325, 363, 359. He was sentenced to 60 months imprisonment, the minimum term of imprisonment under 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(B).

---

[1] Dkt. No." refers to the docket number entry for the Court's electronic filing system. The Court will cite to the docket number entries rather than the title of each filing. "Dkt. No." will be used to refer to filings in case number 1:20-CV-02017. "Cr. Dkt. No." refers to the docket entries in criminal case number 1:17-CR-420.

On September 9, 2020, Jones filed this instant 2255 Petition alleging that his counsel was ineffective. Specifically, Jones alleges that his counsel failed to: 1) file a notice of appeal upon his request; and 2) resolve his pending state charges in state court regarding a prior conviction.

## II.

Under 28 U.S.C. § 2255, a federal district court may grant relief to a prisoner in custody under a sentence imposed by that court "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack…" *Id.* To prevail on a § 2255 claim, the petitioner must show a fundamental defect in the proceedings "which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Nagi v. United States,* 90 F.3d 130, 133-34 (6th Cir. 1996).

Rule 4(b) of the Rules Governing Section 2255 Proceedings requires the judge who receives the § 2225 petition to promptly examine it along with the records and transcripts of the proceedings related to the judgment under attack.

> If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

*Id*. The Court has promptly examined the § 2255 Petition, the record in the underlying criminal case, and the appropriate case law. The Court finds that it plainly appears that Jones is not entitled to relief in the district court for the below reasons.

### III.

Claims of ineffective assistance of counsel are analyzed under the standard enunciated in *Strickland v. Washington,* 466 U.S. 668 (1984). To prevail on a claim of ineffective assistance of counsel, Jones must establish that: (1) his counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that but for his counsel's deficiency, the outcome of the proceedings would have been different. *Griffin v. United States,* 330 F.3d 733, 736 (6th Cir. 2003) (citing *Strickland*, 466 U.S. at 689). A review of counsel's performance must be highly deferential and requires the Court to "indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." *Monzov. Edwards,* 281 F.3d 568, 579 (6th Cir. 2002) (quoting *Strickland,* 466 U.S. at 689).

In Jones' first ground for relief, he argues that he was denied effective assistance of counsel because his counsel did not file a notice of appeal pursuant to his instruction. However, any right, even a constitutional right, may be waived by means of a plea agreement. *United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001). On June 6, 2019, Jones signed a written plea agreement in which he expressly waived his rights to appeal his conviction or sentence with the exception of (a) any punishment in excess of the statutory maximum; and (b) and any sentence in excess of 60 months. Cr. Dkt. No. 325 at ¶ 16. The agreement also permitted challenges based on ineffective assistance of counsel or prosecutorial misconduct. *Id*. Notably, Jones was sentenced to 60 months imprisonment, which is neither the statutory maximum nor in excess of 60 months. Therefore, Jones fails to meet any of the exceptions outlined in his plea agreement to file for an appeal, nor did Jones raise any of the applicable exceptions as grounds for requesting his attorney to file the notice of appeal.

–3–

In order for the waiver to be valid, the defendant must have entered into the agreement knowingly and voluntarily. *Fleming*, 239 F.3d. at 764. Before accepting a guilty plea, the Court must inform the defendant of and determine that he understands the terms of any appellate-waiver provision in the plea agreement. FED. R. CRIM. P. 11(b)(1)(N); *United States v. McGilvery,* 403 F.3d 361, 363 (6th Cir. 2005) (enforcing appellate-waiver provision in the plea agreement where the district court ascertained that the defendant understood that provision); *United States v. Murdock,* 398 F.3d 491, 495-96, 499 (6th Cir. 2005) (finding that the district court's failure to inquire into the defendant's understanding of the appellate-waiver provision of his plea agreement rendered the waiver unenforceable).

On September 19, 2019, the Court conducted Jones' sentencing hearing. Cr. Dkt. No. 362. At Jones' sentencing hearing, the Court ensured that Jones understood that he was waiving his right to appeal. *See Sentencing Hr'g Tr.*, at 8:12-18. "[T]here is nothing in the record to suggest that . . . [the] defendant misunderstood the scope of his waiver of appellate rights." *McGilvery*, 403 F.3d at 363 (citing *United States v. Calderon,* 388 F.3d 197, 198-200 (6th Cir. 2004)). Appropriately, the Court finds that the appellate-waiver provision in Jones' plea agreement is enforceable and Jones waived his appellate rights by means of a plea agreement.2

Jones' counsel's failure to file a notice of appeal upon Jones' instruction clearly did not fall below an objective standard of reasonableness because Jones was not permitted to appeal his conviction or sentence in the absence of certain limited circumstances. Accordingly, Jones does not satisfy the first prong of *Strickland*.

---

2 Notably, Jones does not raise the waiver of appeal issue in the instant petition.

Jones' second ground for relief is similarly rejected. Upon review of Jones' sentencing transcript, the Court notes that Jones' counsel addressed Jones' pending state charge in the presence of Jones. Specifically, Jones' counsel stated that Jones is aware that upon his release from federal custody, he has a post-release control hold with the State of Ohio. *See Sentencing Hr'g Tr.*, at 5-6. Further, Jones' counsel stated that he spoke with Jones' parole officer, and Jones will be sanctioned since he did a three-year prison sentence for a drug case and absconded from PRC. *Id*. Immediately after Jones' counsel made this statement, the Court asked Jones if he would like to add anything on the record, to which Jones proceeded to apologize and accept responsibility for his actions – and there were no mention of any confusion as to Jones' counsel statement regarding his state charges. *Id*.

After reviewing the record, it is clear that 1) Jones' counsel did make Jones aware that his state action is not resolved, and 2) Jones was aware that his state sentence would follow his federal sentence.[3] Further, Jones' plea agreement confirms that Jones was made aware of his appeal rights and discussed all aspects of his case with counsel to which he was satisfied. Cr. Dkt. No. 325 at ¶ 39. Accordingly, Jones does not satisfy the first prong of *Strickland*.[4]

**IV.**

---

[3] In the petitioner's brief, he also makes the meritless argument that his counsel's failure to resolve his pending state charges prejudiced him. Dkt. No. 1, at 6. As stated above, Jones knew that his state charges were not resolved because his attorney informed the Court in his presence on the record. Therefore, any alleged prejudice that Jones is facing is a result of his tactical decision to enter into a plea, despite being aware of his pending state charges.
[4] Frankly, even if Jones can satisfy the first element of Strickland, there is not a reasonable probability that but for his counsel's failure to resolve his pending state charges, the outcome of the proceedings would have been different as it is clear that the pending state charge did not enhance his sentence.

Because it plainly appears that Petitioner is not entitled to relief under 28 U.S.C. § 2255, the Petitioner Terrance Jones Motion under 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence (Dkt. No. 1) is **DENIED** and the case is **SUMMARILY DISMISSED**.

                                                    **IT IS SO ORDERED.**

                                             /s/*Dan Aaron Polster*  9/15/20
                                             **Dan Aaron Polster**
                                             **United States District Judge**